UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2661(DSD/AJB)

In re G. Yvonne Stephens,

      Debtor.
_____

In re Larry Kenneth Alexander,

      Debtor.
_____

Mary Jo A. Jensen-Carter, Trustee
of the Bankruptcy Estate of Larry
K. Alexander,

      Plaintiff,

v.                                                        **ORDER**

John A. Hedback, as Trustee of
the Bankruptcy Estate of G. Yvonne
Stephens, Larry K. Alexander, G.
Yvonne Stephens, and John Doe
and Jane Doe,

      Defendants.


    This matter is before the court upon the emergency motion for stay of the August 31, 2011, order of the bankruptcy court in bankruptcy cases 98-33694 and 98-34858 and adversary case 04-3468.[1]  Based on a review of the file, record and proceedings herein, the motion is denied.

---

    [1] The court determines that oral argument is not needed for this motion.  <u>See</u> Fed. R. Civ. P. 78(b).

**BACKGROUND**

This litigation over the ownership of real property located at 875 Laurel Avenue in St. Paul, Minnesota (875 Laurel) has now entered its fourteenth year, and the court need not repeat its history.[2] In short, the courts have repeatedly determined that the bankruptcy estates own 875 Laurel. On August 31, 2011, the bankruptcy court granted possession of 875 Laurel to plaintiff Mary Jo A. Jensen-Carter and defendant John A. Hedbeck (the trustees), and ordered defendants Larry Kenneth Alexander (Alexander) and G. Yvonne Stephens, and any other persons, to vacate 875 Laurel.

---

[2] See, e.g., Alexander v. Hedback, 395 F. App'x 314 (8th Cir. 2010); Stephens v. Hedback, 321 F. App'x 536 (8th Cir. 2009); In re Stephens, 172 F. App'x 685 (8th Cir. 2006); In re Alexander, 80 F. App'x 540 (8th Cir. 2003); In re Stephens, 53 F. App'x 392 (8th Cir. 2002); In re Alexander, 44 F. App'x 32 (8th Cir. 2002); In re Alexander, 236 F.3d 431 (8th Cir. 2001); In re Alexander, 242 F.3d 373 (8th Cir. 2000); In re Stephens, 425 B.R. 529 (B.A.P. 8th Cir. 2010); In re Alexander, 289 B.R. 711 (B.A.P. 8th Cir. 2003); In re Alexander, 288 B.R. 127 (B.A.P. 8th Cir. 2003); In re Stephens, 276 B.R. 610 (B.A.P. 8th Cir. 2002); In re Alexander, 270 B.R. 281 (B.A.P. 8th Cir. 2001); In re Alexander, 239 B.R. 911 (B.A.P. 8th Cir. 1999); In re Alexander, 236 B.R. 679 (B.A.P. 8th Cir. 1999); Alexander v. Hedback, No. 10-227, 2010 WL 653887 (D. Minn. Feb. 23, 2010) (Doty, J.); Stephens v. Jensen-Carter, Nos. 06-693 & 06-2327, 2007 WL 2885813 (D. Minn. Sept. 27, 2007) (Schiltz, J.); Stephens v. Jensen-Carter, Nos. 01-633 & 05-33, 2005 WL 852446 (D. Minn. Apr. 11, 2005) (Magnuson, J.); Stephens v. Jensen-Carter, No. 04-3425 (D. Minn. filed July 27, 2004) (Ericksen, J.); Jensen-Carter v. Alexander, No. 01-1087 (D. Minn. filed June 15, 2001) (Kyle, J.); Jensen Carter v. Stephens, No. 04-3468 (Bankr. D. Minn. filed Dec. 16, 2004); In re Stephens, No. 98-34858 (Bankr. D. Minn. filed Aug. 17, 1998); In re Alexander, No. 98-33694 (Bankr. D. Minn. filed June 18, 1998); Jensen-Carter v. Stephens, No. A04-1218 (Minn. Ct. App. July 21, 2004); Jensen-Carter v. Alexander, No. C1-02-1845, 2003 WL 21448791 (Minn. Ct. App. June 24, 2003), review denied sub nom. Stephens v. Jensen-Carter, No. C1-02-1845 (Minn. Aug. 19, 2003); Stephens v. Jensen-Carter, No. C1-02-11013, (Minn. Dist. Ct. filed Nov. 15, 2002); Jensen-Carter v. Stephens, No. C8-01-4968 (Minn. Dist. Ct. filed June 1, 2001).

Movant Andrew Will Alexander appeals, arguing that Alexander gave him a 50% joint tenancy in the property in 1998, and that his interest prevents execution of the eviction order and disposition of the property by the trustees.

## DISCUSSION

"A party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest."  In re Ross, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998).  As an initial matter, there is a question about whether movant has standing to bring this appeal.  He is not named in any of the numerous cases, however he claims that the presence of a "John Doe" defendant allows him to be considered a party.  The court need not resolve this question to dispose the present motion, because even if movant has standing, he does not show that a stay is warranted.

The possessory interests in 875 Laurel are settled, and the issue of the 1998 purported conveyance has been addressed several times.  In 2004, the state court noted that, contrary to the present motion, Stephens swore that Alexander "is the owner of property acquired prior to marriage located at 875 Laurel Avenue." Order at 4, Jensen-Carter v. Stephens, No. C8-01-4968 (Minn. Dist. Ct. Jan. 27, 2004) (Monahan, J.).  The state court questioned the

veracity and good faith of Alexander and Stephens and noted that "[a]n impartial observer could conclude ... that they were involved in some sort of scheme with respect to [875 Laurel]." Id. at 8; see also Jensen-Carter v. Alexander, 2003 WL 21448791, at *1 (Minn. Ct. App. June 24, 2003) (noting claim of homestead exemption by Alexander and denial of ownership interest by Stephens).

Moreover, in 2006 the bankruptcy court determined that even if the 1998 conveyance were not fraudulent, "the child's [movant's] interest would not be as a spouse of course, and therefore his joint tenancy possessory interest is not protected from the severance of the joint tenancy accomplished by the bankruptcy of the other joint tenant, Stephens." Order at 9, In re Stephens, No. 93-34858, In re Alexander, No. 98-33694, Jensen-Carter v. Hedback, No. 04-3468 (Bankr. D. Minn. Jan. 5. 2006). The bankruptcy court further determined that "[t]he child's interest, if the deed is not avoided, is as a tenant in common, and *no protected possessory interest would be implicated by sale of the property*." Id. (emphasis added). As a result, movant could have, at most, "an interest in the net proceeds of the sale of the property." Id. This court upheld the bankruptcy court, and the Eighth Circuit affirmed. See Stephens v. Jensen-Carter, Nos. 06-693 & 06-2327, 2007 WL 2885813, at *7 (D. Minn. Sept. 27, 2007), aff'd sub nom. Stephens v. Hedback, 321 F. App'x 536 (8th Cir. 2009). In short, movant shows no likelihood of success on the merits and cannot show irreparable harm. In contrast, the bankruptcy estates continue to

suffer harm due to the inability to sell 875 Laurel.  Therefore, the court declines to exercise its discretion to stay the order of the bankruptcy court.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion [Doc. No. 1] is denied.

Dated:  September 15, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
